## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOSEPH FISHER, | ) |
| | ) |
| Petitioner, | ) |
| v. | )   No. 1:10-cv-538-WTL-DML |
| | ) |
| ALAN FINNAN, | ) |
| | ) |
| Respondent. | ) |

### Entry Directing Further Proceedings

### I.

The petitioner's custodian, named in his official capacity only, is **substituted** as the sole and proper respondent in this action.

### II.

The petition for a writ of habeas corpus of Joseph Fisher ("Fisher") is before the court for its preliminary review pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.* Having conducted such review, the court finds that Fisher must file an amended petition for writ of habeas corpus in order to state a viable claim for relief. He shall have **through June 19, 2010,** in which to do so, all in conformity with the directions in Part III of this Entry.

### III.

With respect to the conviction which is challenged in this action, the amended petition for a writ of habeas corpus shall include an alignment of Fisher's claim with provisions of the Antiterrorism and Effective Death Penalty Act, codified in part at 28 U.S.C. § 2254 ("AEDPA"). "[U]nder AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims," *Rever v. Acevedo,* 590 F.3d 533, 536 (7th Cir. 2010), and the amended petition for writ of habeas corpus must allege that: (1) the state court's adjudication of the claim was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court of the United States, 28 U.S.C. § 2254(d)(1), or (2) the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2); *Cheeks v. Gaetz,* 571 F.3d 680, 684-85 (7th Cir. 2009). Further, because notice pleading does not suffice in an action for habeas corpus relief, *see Lloyd v. Van Natta,* 296 F.3d 630, 633 (7th Cir. 2002), a claim in the amended petition, whether using the AEDPA standard or otherwise, must have a factual basis.

**IV.**

When the amended petition for writ of habeas corpus is filed as directed in Part II of this Entry, it will remain subject to review pursuant to *Rule 4* and the court will thereafter make whatever order is appropriate. If an amended petition for writ of habeas corpus is not filed as directed in Part II of this Entry, the court will direct the dismissal of the action without further notice. *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993)(noting that Rule 4 states: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.").

**IT IS SO ORDERED.**

Date: _05/20/2010_

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Joseph Fisher
No. 872121
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN   46064-9001