**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JOSEPH FISHER, | ) |
| | ) |
| Petitioner, | ) |
| v. | )   No. 1:10-cv-538-WTL-DML |
| | ) |
| ALAN FINNAN, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

This cause is before the court on the amended petition of Joseph Fisher ("Fisher") for a writ of habeas corpus.

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts,* which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993). This is an appropriate case for such a disposition. This conclusion is based on the following facts and circumstances:

1.  A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Fisher's amended habeas petition states that Indiana law exempts front seat passengers of trucks from wearing seat belts. From this fact it is suggested that the stop of Fisher's vehicle was unlawful under Indiana law, that the subsequent search of the vehicle and seizure of contraband was illegal, and that the introduction of the contraband at trial was improper. This claim does not support the relief he seeks here, because a state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief because no federal constitutional question is presented. 28 U.S.C. § 2254(a); *Estelle v. McGuire,* 502 U.S. 62, 67 (1991)("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). "Federal habeas courts lack subject-matter jurisdiction over such issues." *Lambert v. Davis,* 449 F.3d 774, 778-779 (7th Cir. 2006)(citing 28 U.S.C. § 2254(a) and *Estelle,* 502 U.S. at 62).

2.	Because Fisher's amended habeas petition shows on its face that he is not entitled to the relief he seeks, the action is **summarily dismissed** pursuant to *Rule 4*.

3.	"'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)). That is the case here, and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/25/2010

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana